**PMI MORTGAGE INSURANCE CO., an Arizona corporation, Plaintiff–Appellant,**

**v.**

**DESERET FEDERAL SAVINGS AND LOAN, a federally authorized savings and loan association, and Deseret Pacific Mortgage, Inc., a Utah corporation, Defendants–Appellees.**

No. 86CA0271.

Colorado Court of Appeals, Div. III.

June 30, 1988.

Hall & Evans, L. Richard Musat, Arthur R. Karstaedt, III, Denver, for plaintiff-appellant.

Beckner & Nottingham, Edward W. Nottingham, Grand Junction, for defendants-appellees.

STERNBERG, Judge.

Plaintiff, PMI Mortgage Insurance Company (PMI), appeals the trial court's dismissal of its amended complaint on the basis of *forum non conveniens.* We affirm.

PMI is an Arizona corporation with its principal place of business in California. Defendant Deseret Federal Savings and

Loan (Deseret Federal) is a federally chartered savings and loan association located in Utah. Defendant Deseret Pacific Mortgage (DPM) is a Utah corporation with its principal place of business in California. PMI, Deseret Federal, and DPM are qualified to conduct business in Colorado as foreign corporations.

Regis Homes, a Colorado corporation not a party to this action, obtained financing from Deseret Federal and its servicing subsidiary DPM for the purchase of a condominium development in Colorado. The loans were secured by deeds of trust on the condominiums. DPM obtained insurance from PMI guaranteeing repayment of the loans in the event Regis Homes defaulted.

Regis Homes subsequently defaulted on the loans. DPM initiated foreclosure proceedings on the condominiums and filed claims under the insurance policies it had taken out with PMI. PMI refused to honor the policies, and filed the instant action seeking a declaratory judgment that the insurance policies were void or subject to rescission. The trial court granted defendants' motion to dismiss the complaint on the basis of *forum non conveniens*. This appeal followed.

PMI initially argues that the "open courts" provision of the Colorado Constitution, as interpreted by our supreme court in *McDonnell–Douglas Corp. v. Lohn*, 192 Colo. 200, 557 P.2d 373 (1976), precludes application of the doctrine of *forum non conveniens* whenever jurisdiction is properly established in Colorado. We do not agree.

■ *Forum non conveniens* is an equitable doctrine under which a trial court has discretion to dismiss an action when the court concludes that a more appropriate forum lies elsewhere. *Allison Drilling Co. v. Kaiser Steel Corp.*, 31 Colo.App. 355, 502 P.2d 967 (1972).

The *McDonnell–Douglas* case presented the first instance in which the availability of *forum non conveniens* in Colorado courts was considered by our supreme court. The court initially took note of Colo. Const. art. II, § 6, which provides:

"Courts of justice shall be open to every person, and a speedy remedy afforded for every injury to person, property or character; and right and justice should be administered without sale, denial or delay."

Based on this constitutional provision, as well as the reasoning employed by courts in other jurisdictions in which the doctrine has been applied, the court concluded that *forum non conveniens* generally may not be used to dismiss an action filed by a resident plaintiff.

A review of the decisions cited by the court in *McDonnell–Douglas* indicates that this limitation on the *forum non conveniens* doctrine is based primarily on the interest of a state in providing a dispute resolution forum for its own residents. *See, e.g., Thomson v. Continental Insurance Co.*, 66 Cal.2d 738, 59 Cal.Rptr. 101, 427 P.2d 765 (1967). Because of this public policy consideration, the doctrine of *forum non conveniens* is typically applied to situations where, as here, none of the parties are residents and the cause of action arose beyond the borders of the forum state. *See generally* Annot., 48 A.L.R.2d 800 (1956).

■ Although the language of the constitutional provision at issue does not distinguish between residents and non-residents, we decline to construe the decision in *McDonnell–Douglas* as requiring the adjudication of issues that do not involve the interests of this state. The outcome of this litigation will affect rights under P.M.I.'s mortgage insurance policy, not title to the condominium development; thus, no interest of this state is impacted and dismissal of the action is not constitutionally barred.

PMI next contends that under the facts of this case the trial court's application of the *forum non conveniens* doctrine constituted an abuse of discretion. We disagree.

■ In determining whether a plaintiff's choice of forum is so inconvenient as to warrant dismissal of the action on the basis of *forum non conveniens*, a trial court must consider a variety of factors, including the following: The relative availability of sources of evidence and the burden of defense and prosecution in one forum rather than another; the relative availability and accessibility of an alternative forum;

the availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining attendance of willing witnesses; the interest of the state in the litigation measured by the extent to which the defendant's activities within the state gave rise to the cause of action; and whether the law of the forum state will be applied. *See Allison Drilling Co. v. Kaiser Steel Corp., supra.*

■ After applying these factors, the trial court made the following findings: Numerous witnesses and documents relating to this litigation are in California; actions concerning some or all of the issues in this case are pending in California and Utah; the delay before this matter could be heard in either the Colorado or the California courts would be substantial; Colorado residents will not be affected by the outcome of the litigation; and trial in Colorado would require the Colorado court to interpret and apply the substantive law of California, despite the possibility of a conflict with the procedural law of Colorado.

In light of these findings, we conclude that the trial court did not abuse its discretion in dismissing this action on the basis of *forum non conveniens.*

Judgment affirmed.

VAN CISE and JONES, JJ., concur.