**RIVENDELL FOREST PRODUCTS, LTD., Plaintiff–Appellant,**

v.

**CANADIAN PACIFIC LIMITED, Harry Biden, and Soo Line Corporation, Defendants–Appellees.**

No. 92–1155.

United States Court of Appeals, Tenth Circuit.

Aug. 9, 1993.

---

Brice A. Tondre of Strate and Tondre, P.C., Wheat Ridge, CO, for plaintiff-appellant.

Michael H. Berger of Waldbaum, Corn, Koff and Berger, P.C., Denver, CO, for defendants-appellees.

Before McKAY, Chief Judge, EBEL, Circuit Judge, and LEONARD, District Judge.[1]

McKAY, Chief Judge.

This is a diversity case regarding a contract dispute. Plaintiff Rivendell Forest Products, Ltd. is a Colorado company. Defendant Canadian Pacific Ltd. is a Canadian company based in British Columbia. Defendant Harry Biden is a Canadian citizen and an executive with Canadian Pacific in British Columbia. Defendant Soo Line Corporation is a Minnesota corporation and a wholly owned subsidiary of Canadian Pacific.

This dispute arises out of a contract, negotiated in Colorado, between Rivendell, Canadian Pacific, and Soo Line under which Defendants agreed to transport lumber for Plaintiff from British Columbia to Minnesota. Plaintiff, which is now in bankruptcy, claims that Defendants breached the contract by wrongfully withholding a substantial rebate due to Plaintiff under the contract. Plaintiff also claims that Defendants tortiously interfered with its business by refusing to pay the rebate and suggesting to Plaintiff's creditors that Plaintiff was unethical and dishonest.

The district court granted Defendants' motion for a dismissal based on *forum non conveniens*, because the case turned primarily on the law of British Columbia and because much of the evidence was in British Columbia. Plaintiff appeals.

I

A threshold issue is whether, under *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), *forum non conveniens*

---

1. Honorable Timothy D. Leonard, United States District Judge for the Western District of Oklahoma, sitting by designation.

is governed by state or federal law. We requested and received supplemental briefing from the parties on this issue. The Supreme Court has reserved this issue on four separate occasions. *See Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 248 n. 13, 102 S.Ct. 252, 262 n. 13, 70 L.Ed.2d 419 (1981); *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947); *Koster v. (American) Lumbermens Mut. Casualty Co.,* 330 U.S. 518, 529, 67 S.Ct. 828, 834, 91 L.Ed. 1067 (1947); *Williams v. Green Bay & Western R.R. Co.,* 326 U.S. 549, 558–59, 66 S.Ct. 284, 289, 90 L.Ed. 311 (1946).

### A

■ A majority of the circuits that have addressed this issue have concluded that federal, not state, law governs. *See Royal Bed & Spring Co. v. Famossul Industria e Comercio de Moveis, Ltda.,* 906 F.2d 45, 50 (1st Cir.1990); *In re Air Crash Disaster Near New Orleans, La.,* 821 F.2d 1147, 1159 (5th Cir.1987) (en banc), *vacated on other grounds,* 490 U.S. 1032, 109 S.Ct. 1928, 104 L.Ed.2d 400 (1989), *prior opinion reinstated in relevant part,* 883 F.2d 17 (5th Cir.1989); *Sibaja v. Dow Chem. Co.,* 757 F.2d 1215, 1219 (11th Cir.), *cert. denied,* 474 U.S. 948, 106 S.Ct. 347, 88 L.Ed.2d 294 (1985); *Miller v. Davis,* 507 F.2d 308, 316 (6th Cir.1974). In addition, noted commentators have endorsed this result. 1A (Part 2) James W. Moore et al., *Moore's Federal Practice* § 0.318 (1993); 15 Charles A. Wright et al., *Federal Practice and Procedure* § 3828 (1986). *Contra In Re Air Crash Disaster,* 821 F.2d at 1180–86 (Higginbotham, J., concurring in the judgment);[2] *Weiss v. Routh,* 149 F.2d 193, 195 (2d Cir.1945) (L. Hand, J.);[3] Allan R. Stein, *Erie and Court Access,* 100 Yale L.J. 1935 (1991).

We agree with this virtually unanimous precedent. The argument is well summarized by the Eleventh Circuit: "The *forum non conveniens* doctrine is a rule of venue,

not a rule of decision" and, therefore, the *Erie* doctrine does not require the application of state *forum non conveniens* rules. *Sibaja,* 757 F.2d at 1219.

Additionally, there are strong federal interests in *forum non conveniens* issues. As the Fifth Circuit stated, "the interests of the federal forum in self-regulation, in administrative independence, and in self-management are more important than the disruption of uniformity created by applying federal *forum non conveniens* in diversity cases." *In Re Air Crash Disaster,* 821 F.2d at 1159. One commentator, while arguing that state law should apply, points out that the foreign policy implications of *forum non conveniens* decisions militate in favor of applying federal law. *See* Stein, *supra,* 100 Yale L.J. at 2002. We view these important federal interests as arguing strongly in favor of applying federal law to the issue of *forum non conveniens.*

We therefore hold that, in diversity suits, *forum non conveniens* is governed by federal law.

### II

■ Turning to the merits of this case, our review is quite limited.

> The *forum non conveniens* determination is committed to the sound discretion of the trial court. It may be reversed only when there has been a clear abuse of discretion; where the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference.

*Piper Aircraft Co. v. Reyno,* 454 U.S. at 257, 102 S.Ct. at 266. Nevertheless, this review is not merely perfunctory, and we are required to carefully examine the reasoning of the district court.

---

**2.** Judge Higginbotham's opinion was not joined by any other judge on the *en banc* court.

**3.** While it has not been overruled, the continuing validity of *Weiss* within the Second Circuit is quite doubtful. *See Schertenleib v. Traum,* 589 F.2d 1156, 1162 n. 13 (2d Cir.1978) (treating the *Erie* aspect of *forum non conveniens* as an open

issue on which the court reserved decision); *Gilbert v. Gulf Oil Corp.,* 153 F.2d 883, 885 (2d Cir.1946) (Clark, J.) (concluding that federal law governs *forum non conveniens* ), *rev'd on other grounds,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

In deciding to transfer, the district court first concluded that the law of British Columbia would predominate in this case and that British Columbia provided an adequate forum to resolve this dispute. With these threshold issues resolved,[4] the court turned to the various public and private interest factors relevant in this case.

## A

Regarding private interest factors, the court concluded that they favored transfer. First, the court noted that Plaintiff's witnesses were in the United States while Defendants' were in British Columbia. Second, the court noted the likelihood that "more sources of proof would be available in Canada because that is where the transportation services called for in the contract were performed." (Appellant's App. at 89.) Next, the court noted that Defendant would not have aid of compulsory process to present hostile Canadian witnesses. Finally, the court recognized that the contract stated it was to be interpreted under the law of British Columbia, and therefore that Plaintiff should have expected to litigate in the courts of that province.

The difficulty with these statements is that most of them are not supported by the record. The burden is on the moving party to establish the need for a *forum non conveniens* transfer, *Mercier v. Sheraton International, Inc.*, 935 F.2d 419, 423–24 (1st Cir. 1991), so we look to the evidence proffered by Defendants to support the trial court's conclusions. Unfortunately, Defendants provided no evidence on this issue whatsoever. There is no basis in the record for concluding that the records for the transportation of the lumber from British Columbia to Minnesota are at the British Columbia headquarters of Defendant Canadian Pacific, rather than at the Minnesota headquarters of its subsidiary, co-signer of the contract, and Co–Defendant, Soo Line Corp. Similarly, there is no basis in the record for concluding that most of Defendants' witnesses are in Canada, as opposed to Minnesota or some other place, or that there are any hostile, or even non-party, Canadian witnesses.

The closest thing to evidence in the record on this point is the statement in one of Defendants' briefs in the trial court that "the sources of proof and all of the witnesses the Defendants will be calling are located in either Canada or Minnesota." (Appellant's App. at 28.) This is not evidence, and it does not establish what is in Canada and what is in Minnesota.[5] In sharp contrast, Plaintiff provided a deposition that detailed the names and states of residency of nine witnesses that Plaintiff intends to call. Defendants bore the burden of proof of inconvenience to witnesses. *E.g., Electronic Transaction Network v. Katz*, 734 F.Supp. 492, 501–02 (N.D.Ga.1989) (moving party must make a specific showing of inconvenience to witnesses to transfer under 28 U.S.C. § 1404(a)); *Shapiro v. Merrill Lynch & Co.*, 634 F.Supp. 587, 590 (S.D.Ohio 1986) (moving party must specify the number of witnesses that would be inconvenienced, and the severity of the inconvenience for § 1404(a) transfer); *but see Countryman v. Stein Roe & Farnham*, 681 F.Supp. 479, 483 (N.D.Ill.1987) (allegation that pivotal testimony will come from distant party witnesses and location of other witnesses in transferee forum sufficient for § 1404(a) transfer). We are constrained to hold that they did not meet that burden with respect to the first three private interest factors found by the district court. Only the district court's conclusion that the choice of law clause militates in favor of resolving this dispute in British Columbia is supported by the record.

## B

Regarding the public interest factors in this case, the district court noted that the desire to protect local corporate and individual citizens does not tilt either way, because Colorado has an interest in protecting Plain-

---

4. If domestic law applies, or if the foreign forum is inadequate, then *forum non conveniens* doctrine is inapplicable. *See Needham v. Phillips Petroleum Co. of Norway*, 719 F.2d 1481, 1483 (10th Cir.1983).

5. Indeed, to the extent that sources of proof are located in Minnesota rather than in British Columbia, it is difficult to see how Colorado is a more inconvenient forum than British Columbia.

tiff while British Columbia has an interest in protecting two out of the three Defendants. The trial court then noted that "[i]f anything, the local interest factor favors Canada because the actual services called for by the contract were performed there." (Appellant's App. at 90.) However, the court emphasized that the major factors in its decision were its unfamiliarity with British Columbia law and the inaccessibility of legal materials from that jurisdiction.

The Supreme Court has addressed the issue of *forum non conveniens* transfers because of the difficulties of applying foreign law. "Many *forum non conveniens* decisions have held that the need to apply foreign law favors dismissal. Of course, this factor alone is not sufficient to warrant dismissal when a balancing of all relevant factors shows that the plaintiff's chosen forum is appropriate." *Piper Aircraft,* 454 U.S. at 260 n. 29, 102 S.Ct. at 268 n. 29 (citations omitted).

We understand *Piper Aircraft* to require a district court to deny dismissal and apply foreign law, rather than dismiss the action, unless there are more than *de minimis* advantages to trying a case in a foreign forum. It is difficult to conceive of a case applying foreign law in which the foreign jurisdiction did not have some minor interest in the litigation, or in which the foreign jurisdiction was not the location of some sources of proof. Were *de minimis* public and private interests to suffice, the requirement that district courts not dismiss solely because foreign law is to be applied would become functionally meaningless.

■ Further, under our precedents, *forum non conveniens* is not applicable if American law controls. *Needham v. Phillips Petroleum Co. of Norway,* 719 F.2d 1481, 1483 (10th Cir.1983). If the mere fact that American law does not control were sufficient to sustain a dismissal, our review would

be only of the choice-of-law issue. This is contrary to *Piper Aircraft.* Thus, we hold that even if foreign law applies, a district court would abuse its discretion if the record does not contain substantial reasons, other than the choice-of-law issue, why the foreign forum is more convenient.

## C

■ Under careful scrutiny, the record and the opinion of the trial court reveal the following interests in moving the case to British Columbia: (a) British Columbia law applies; (b) Plaintiffs could have anticipated litigating in Canada because they signed a contract with a British Columbia choice-of-law clause; (c) Defendants will almost certainly be presenting at least a few party witnesses and internal documents located in Canada;[6] and (d) British Columbia has an interest in regulating affairs that occurred within its borders. As discussed above, the first is merely a prerequisite to consideration of *forum non conveniens.* The second is of little weight considering the doctrine that the application of foreign law does not preclude litigating in this country. The third is also of little weight, because, in the absence of a compulsory process issue in this case, it is primarily a question of cost. Since witnesses are primarily located in three locations (British Columbia, Colorado, and Minnesota), each distant from the others, and since the number and nature of sources of proof in British Columbia are unspecified, the record does not support a finding that litigating in Colorado will be significantly more costly or inconvenient than litigating in British Columbia.[7]

This leaves solely the interest that British Columbia has in regulating services that Defendants performed on its soil. We acknowledge that this is a relevant consideration.

6. For example, Defendant Harry Biden is a citizen and resident of Canada, and has already submitted a deposition in this matter.

7. Transfer from Colorado to British Columbia will primarily serve to merely shift costs from Defendants to Plaintiff, which, of course, is not a permissible basis for a *forum non conveniens* dismissal. *See, e.g., U.S. Sprint Communications Co. v. Boran,* 716 F.Supp. 505, 508 (D.Kan.1988)

(interpreting the domestic transfer statute, 28 U.S.C. § 1404(a)). The shifting of costs, however, may be a relevant consideration in granting dismissal on grounds of *forum non conveniens* when the moving party has substantially fewer financial resources than the non-moving party. *See, e.g., Houk v. Kimberly–Clark Corp.,* 613 F.Supp. 923, 929–30 (W.D.Mo.1985).

On the other hand, we note that a substantial portion of the services were performed in Minnesota, not in British Columbia. Consequently, we conclude that British Columbia's interest in regulating this relationship is insufficient to overcome the interest of Plaintiff in his choice of forum. We hold that the district court clearly abused its discretion in dismissing this action on the basis of *forum non conveniens*.

REVERSED and REMANDED.