**NATIONSBANK OF FLORIDA, Plaintiff,**

v.

**BANCO EXTERIOR DE ESPAÑA, Defendant.**

**No. 93 Civ. 3086 (LAP).**

United States District Court,
S.D. New York.

Oct. 17, 1994.

Christopher Mason, Hunton & Williams, New York City, for plaintiff.

## MEMORANDUM AND ORDER

PRESKA, District Judge.

Plaintiff, Nationsbank of Florida ("Nationsbank"), brought this suit in diversity against defendant, Banco Exterior de España ("BEX"), pursuant to the Uniform Customs and Practices for Documentary Credits ("UCP")[1] for breach of BEX's obligation to reimburse Nationsbank for performance un-

---

**1.** 1983 Revision, International Chamber of Commerce, Pub. No. 400.

der a 1992 letter of credit. BEX moves to dismiss the action on the ground of *forum non conveniens*. Nationsbank cross-moves for default judgment.[2] For the following reasons, the defendant's motion to dismiss is denied; plaintiff's motion for default judgment also is denied.

### BACKGROUND

Plaintiff is a bank with its principal place of business in Miami, Florida. Defendant is a bank with its principal place of business in Madrid, Spain; in addition, it has several representative offices in the United States, including New York and Florida. This dispute arises out of an irrevocable letter of credit (the "Letter of Credit") issued by BEX in Mataro, Spain, in June of 1992 for the account of its customer, Centro Textil Moda ("Centro").[3] The Letter of Credit was issued in favor of Nutmeg Mills ("Nutmeg"), a Tampa, Florida company, to facilitate Centro's purchase of Nutmeg's goods. At BEX's request, Nationsbank confirmed the Letter of Credit and authorized Nutmeg to claim payment from Nationsbank in United States dollars. Nationsbank was to be reimbursed by BEX's offices in the United States. The Letter of Credit was amended in December, 1992, (the "Amended Letter of Credit"),[4] to reflect a change in the shipping location.

On January 7, 1993, Nutmeg presented documents to Nationsbank in Florida pursuant to the Amended Letter of Credit and requested that Nationsbank honor a time draft at maturity in the amount of $165,993.35. Nationsbank determined that the documents conformed to the requirements of the Amended Letter of Credit, accepted the time draft, and forwarded the documents to BEX in Spain. Thereafter, BEX claimed that some of the documents were not in conformance with the Amended Letter of

Credit and returned the documents to Nationsbank in Florida. BEX refused to reimburse Nationsbank when Nationsbank subsequently honored the time draft and resubmitted the documents to BEX. Nationsbank filed this suit for reimbursement and other expenses incurred as a result of BEX's failure to honor the Amended Letter of Credit.

### DISCUSSION

#### A. *Forum Non Conveniens*

Under the common law doctrine of *forum non conveniens*, a court with otherwise proper jurisdiction and venue may refrain from exercising jurisdiction when another significantly more convenient forum is available. *See In re Union Carbide Gas Plant Disaster at Bhopal*, 634 F.Supp. 842 (S.D.N.Y.), *aff'd as mod.*, 809 F.2d 195 (2d Cir.), *cert. denied sub nom., Executive Committee Members v. Union of India*, 484 U.S. 871, 108 S.Ct. 199, 98 L.Ed.2d 150 (1987). The Supreme Court has held that a district court has broad discretion in deciding whether to dismiss an action on grounds of *forum non conveniens*. *See Piper Aircraft v. Reyno*, 454 U.S. 235, 257, 102 S.Ct. 252, 266–67, 70 L.Ed.2d 419 (1981). Federal courts generally find dismissal proper only when the alternate forum is a state court or a court of another country. 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure*, § 3828 at 279–280 (1986).

In deciding a motion to dismiss on *forum non conveniens* grounds, a court first, as a threshold matter, must examine the availability of an alternate forum. *See Gulf Oil v. Gilbert*, 330 U.S. 501, 506–07, 67 S.Ct. 839, 842, 91 L.Ed. 1055 (1947) (finding that the application of the doctrine of *forum non conveniens* "presupposes at least two forums in which the defendant is amenable to process"). Next, the court will consider plain-

---

**2.** In the alternative, plaintiff also has moved for summary judgment. Submission of this motion has been stayed pending determination of the motion for default judgment.

**3.** A letter of credit has been defined as a "financing mechanism designed to allocate commercial credit risks whereby a bank or other issuer pays an amount of money to a beneficiary upon presentation of documents complying with specified conditions set forth in the letter." *Bank of Co-*

*chin, Ltd. v. Manufacturers Hanover Trust Co.*, 612 F.Supp. 1533, 1537 (S.D.N.Y.1985), *aff'd*, 808 F.2d 209 (2d Cir.1987).

**4.** The amendment changed the location of shipment from Miami port to Jacksonville port on proposal by BEX. (Declaration of Michele Broussard Escandon sworn to on July 2, 1993, Ex. D ("Escandon Decl.").)

tiff's choice of forum. *See Piper Aircraft,* 454 U.S. at 241, 102 S.Ct. at 258. Finally, the court will balance relevant private and public interest factors. *See Gilbert,* 330 U.S. 501, 67 S.Ct. 839; *Koster v. Lumbermens Mutual Casualty Company,* 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067 (1947); *see also, Blanco v. Banco Industria de Venezuela, SA,* 997 F.2d 974 (2d Cir.1993); *Zweig v. National Mortgage Bank of Greece,* No. 91 Civ. 5482, 1993 WL 227663, 1993 U.S.Dist. LEXIS 8460 (S.D.N.Y. June 17, 1993).

BEX argues that Spain is a more convenient forum than New York: the transaction underlying the dispute was by a Spanish bank, on behalf of its Spanish customer, and no act relating to the dispute occurred in New York as both BEX and Centro are located in Spain.[5] Plaintiff, on the other hand, contends that New York is the proper forum: Nationsbank is entitled to be heard in an American court, the evidence is available in New York, and Spain would be an inconvenient and expensive forum for Nationsbank. (Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss on Grounds of *Forum Non Conveniens* and in Support of Nationsbank of Florida, N.A.'s Cross–Motion for a Default Judgment or for Summary Judgment ("Plaintiff's Memo.").)

In addressing a *forum non conveniens* motion, a district court first must ascertain whether the proposed alternate forum is adequate. *See Piper,* 454 U.S. at 254, n. 22, 102 S.Ct. at 265, n. 22. This adequacy requirement generally is satisfied when the defendant is "amenable to process" in another jurisdiction. *Gilbert,* 330 U.S. at 506–07, 67 S.Ct. at 842. Because BEX is amenable to suit in Spain, (Declaration of Christina Bustillo Muñoz Sworn to on June 10, 1993 ¶ 2 ("Muñoz Decl.")), Spain is an adequate alternate forum. The threshold requirement of adequacy, therefore, is satisfied, and the remaining question is whether Spain is a signif-

icantly more convenient forum than the United States.

### 1. *Plaintiff's Choice of Forum*

 In *Gilbert* the Supreme Court held that plaintiff's choice of forum should be overturned only when the balance of factors is strongly on the side of the defendant. *See Gilbert,* 330 U.S. at 508, 67 S.Ct. at 843. Moreover, there is a home forum preference when an American plaintiff sues a foreign defendant. *See, e.g., Flynn v. General Motors,* 141 F.R.D. 5, 8 (E.D.N.Y.1992) (finding that the complaint of an American citizen should not be dismissed on *forum non conveniens* grounds "unless there is a showing by defendant that trial in the United States would be unjust, oppressive or vexatious, and not merely inconvenient"); *Mutual Export Corp. v. Westpac Banking,* 742 F.Supp. 161 (S.D.N.Y.1990) (applying the home forum preference in the case of a Delaware plaintiff against an Australian defendant in New York court); *Vanity Fair Mills, Inc. v. T. Eaton Co.,* 234 F.2d 633 (2d Cir.1956) (Pennsylvania plaintiff versus Canadian defendant in New York court), *cert. denied,* 352 U.S. 871, 77 S.Ct. 96, 1 L.Ed.2d 76. A plaintiff's "United States citizenship and residence ... are factors weighing significantly against *forum non conveniens* dismissal." *Flynn,* 141 F.R.D. at 8.

While several courts have held that an American citizen does not have an *absolute* right to sue in an American court, these same courts have been reluctant to allow a *forum non conveniens* motion where dismissal would force an American plaintiff to seek remedy in a foreign court. *See, e.g., Burt v. Isthmus Develop. Co.,* 218 F.2d 353, 357 (5th Cir.), *cert. denied,* 349 U.S. 922, 75 S.Ct. 661, 99 L.Ed. 1254 (1955) (finding that courts should require "positive evidence of unusually extreme circumstances and be thoroughly convinced that material injustice is manifest" before denying citizen access to courts of this

---

**5.** (Defendant's Memorandum of Law in Support of Motion to Dismiss on Grounds of *Forum Non Conveniens* ("Defendant's Memo.").)

BEX's argues, in the alternative, that this court may transfer this case to a Florida District Court; however, BEX is unable to provide any evidence that suggests that Florida would be a more con-

venient forum than New York. (Defendant's Reply Memorandum of Law in Support of Motion to Dismiss on Grounds of *Forum Non Conveniens* and in Opposition to Plaintiff's Request for a Default Judgment ("Defendant's Reply Memo.") at 2.)

country); *accord Leasco Data Processing Equipment v. Maxwell,* 468 F.2d 1326 (2d Cir.1972) (applying the *Burt* standard in determining that defendant's claims of inconvenience did not meet level required to dismiss the complaint of an American citizen in favor of an English court).

Citing *Piper Aircraft, supra,* BEX claims that the traditional deference accorded a plaintiff's choice of forum does not apply in the instant case because New York is not Nationsbank's "home forum." (Defendant's Memo. at 3.) BEX's argument, however, is not an accurate interpretation of the Court's analysis in *Piper.* In that case, the Court found that the strong presumption in favor of the plaintiff's choice of forum does not apply to a Scottish, or "foreign," plaintiff. In determining whether to allow the presumption, the Court distinguished between "citizens or residents" and "foreign plaintiffs." *Piper,* 454 U.S. at 255, 102 S.Ct. at 265. This distinction is not applicable here, as plaintiff is a United States citizen.

By bringing suit in the United States, Nationsbank has chosen its "home forum," and its choice is entitled to deference. Dismissing this action on *forum non conveniens* grounds based on the determination that Spain is a more convenient forum than the United States improperly would relegate Nationsbank to seeking redress in a foreign court.[6] Moreover, BEX was unable either in its brief or at oral argument to offer any evidence of "unusually extreme circumstances" demonstrating that "material injustice is manifest" to justify overturning plaintiff's choice in favor of a foreign forum. *Burt,* 218 F.2d at 357. Thus, the final determination is whether the balance of private and public interest factors favors dismissal.

B. *Balancing Test*

1. *Private Interests*

■ The private interests of the parties to be considered while determining whether the balance of circumstances weighs in favor of dismissal include: (a) relative ease of access

to sources of proof; (b) availability of process for compelling attendance of unwilling witnesses and costs of obtaining attendance of witnesses; and (c) all other practical problems that make trial of a case "easy, expeditious and inexpensive." *Gilbert,* 330 U.S. at 508, 67 S.Ct. at 843. These factors can point in either direction, but the court makes its determination on balance. *See Union Carbide,* 634 F.Supp. at 852.

■ Ease of access to proof is an important criterion in evaluating convenience of a forum. *See Zweig,* 1993 WL 227663, at *7, 1993 U.S.Dist. LEXIS 8460, at *23. The main "proof" in this case involves the various documents, some of which are in Spanish. The issue of accessibility of proof includes the consideration of whether documents are in another language and would have to be translated. *See Blanco,* 997 F.2d at 982. Document translation often results in "significant cost to the parties and delay to the court." *Id.* BEX claims there is no proof or evidence in New York, as all documents are located in Spain. (Declaration of Josephina Arrillaga Lansorena Sworn to on June 10, 1993 ¶2 ("Lansorena Decl."); Defendant's Memo. at 4.) Nationsbank responds that the relevant documents are in the files of both parties, and, therefore, available in the United States. (Declaration of Jennifer R. Heath Sworn to on July 6, 1993 ¶5 ("Heath Decl.").) Nationsbank further argues that, because BEX has both an office and counsel in New York, BEX's claim that it would be inconvenient to require BEX to present documentary evidence in New York should not be persuasive. (Heath Decl. ¶¶6, 7.) Additionally, BEX admitted at oral argument that no additional documents would need to be obtained to proceed with this action. Significantly, most of the relevant documents are in English, and if the case were brought in Spain these documents would have to be translated. (Escandon Decl., Ex. A–I, K.) Because the documents are accessible to both parties in the United States and most of the documents are in English, the balance of this factor

---

**6.** As discussed above, *supra* note 5, I will not dismiss for a Florida alternate forum. Furthermore, there is no showing that transfer to Florida is more convenient for the defendant. More-

over, I am mindful that if plaintiff did bring the suit in Florida, defendant likely would move to dismiss on *forum non conveniens* grounds again.

weighs in favor of retaining the case in the United States.

The Second Circuit has found that the location of witnesses is also an important consideration in determining *forum non conveniens* motions. *See Zweig,* 1993 WL 227663, at *7, 1993 U.S.Dist. LEXIS 8460, at *23 (citing *Calavo Growers of California v. Belgium,* 632 F.2d 963, 967 (2d Cir.1980); *cert. denied,* 449 U.S. 1084, 101 S.Ct. 871, 66 L.Ed.2d 809 (1981) and *Transunion Corp. v. Pepsico, Inc.,* 811 F.2d 127, 129 (2d Cir. 1987)). BEX argues that litigating this case in New York would be a "heavy burden." (Defendant's Memo. at 6.) This argument is based on its assertion that all witnesses and sources of evidence are located in Spain. However, attendance of witnesses is not a significant consideration in this case as the evidence is mainly documentary. To the extent that the testimony of witnesses will be required, Nationsbank's witnesses are located in the United States, while most of BEX's witnesses are in Spain; however, there are representatives of BEX in the United States while Nationsbank has no such affiliates in Spain. (Heath Decl. ¶¶ 3, 4, 6, 8.) In any event, BEX conceded at argument that, because the substantive question presented in this case is whether the documents presented conformed to the requirements of the amended letter of credit, very few witnesses will be required. Thus, BEX has not provided evidence to meet its burden of showing that the inconvenience of defending itself in this District is unbearable or otherwise overly inconvenient. The balance of conveniences regarding location of witnesses weighs in favor of retaining the case in the United States.

The practical issues that are necessary to make resolution of a dispute "easy, expeditious and inexpensive" also must be included in the balancing test. *Gilbert,* 330 U.S. at 508, 67 S.Ct. at 843. BEX argues that maintaining the suit here will not be easy or inexpensive for either party because neither actually is located in New York. (Defendant's Memo. at 4.) Although BEX claims that it will be difficult to defend itself in New York, BEX does have offices and counsel in

New York while plaintiff has no such ties to Spain. (Heath Decl. ¶¶ 6, 7, 8.) Wherever this case is tried, one party must bear the burden of maintaining suit in another country; BEX has not shown that placing this burden on it will be prohibitive. *See, e.g., Gilbert,* 330 U.S. at 508, 67 S.Ct. at 843 (finding that defendant bears the burden of demonstrating that the balance of conveniences supports dismissal). BEX has not demonstrated in its papers and could not assert on oral argument that litigating in New York would be an undue hardship. Any inconvenience to BEX of maintaining the action in the United States is offset by other factors that favor denying dismissal, including the far greater inconvenience to Nationsbank of maintaining the action in Spain. Looking at all of the various factors, I find that private interest considerations weigh in favor of retaining jurisdiction.

### 2. *Public Interests*

■ Public interests to be considered include: (a) imposing jury duty on people of a community with no relation to the dispute, (b) meeting "local interest in having localized controversies decided at home," (c) having "trial of a diversity case in a forum that is at home with the state law that must govern the case," and (d) avoiding administrative problems. *Gilbert,* 330 U.S. at 508–09, 67 S.Ct. at 843; *Union Carbide,* 634 F.Supp. at 861.

■ At least one court has held that the fact that the defendant is doing business in a forum is not enough of a relation to that forum to justify denying a motion to dismiss on grounds of *forum non conveniens. See Domingo v. States Marine Lines,* 340 F.Supp. 811 (S.D.N.Y.1972). BEX argues that trial of this case should not be imposed on jurors of New York because New York has no relation to this litigation.[7] (Defendant's Mem. at 4.) Nationsbank responds that, because there are enough contacts that jurisdiction and venue are proper, the suit may be maintained in New York. Not only is BEX "doing business" in New York, but it also has an office in New York, is registered with the Superintendent of Banks in New

---

7. This factor may be irrelevant since neither party has requested a jury trial. (Plaintiff's Memo. at 9.) This analysis is undertaken assuming, *arguendo,* that a jury trial may still be requested.

York, and counsel for both sides are located in New York. (Heath Decl. ¶¶ 6, 7.) New York clearly has a relation to this defendant and this litigation. The United States also has a relation to the litigation because at least two major elements of the transaction at issue occurred here; the disputed evaluation of documents submitted by Nutmeg to Nationsbank and the subsequent honoring of payment by Nationsbank to Nutmeg both occurred in the United States. Therefore, I find that New York has sufficient relation to this dispute to justify imposing jury duty in this matter on the people of New York.

There is a further preference for maintaining a case where the forum has a local interest in the case. *See Gilbert,* 330 U.S. at 509, 67 S.Ct. at 843. BEX argues that this case is a "localized controversy" pertaining to a Spanish bank on behalf of its Spanish customer. (Defendant's Memo. at 4.) However, the controversy is based on an international transaction also involving an American bank and its American customer. In addition, this is not a "localized" controversy because an international, uniform act, the UCP, governs. BEX has made no showing that the UCP as interpreted in the United States would conflict with the interpretation of Spanish courts. Because BEX has failed to demonstrate that Spanish local interest outweighs American interest in this case, the balance of this factor does not add weight to its argument in favor of dismissal.

Another important public interest consideration is having trial in a forum that is "at home" with the law that governs. *See Gilbert,* 330 U.S. at 509, 67 S.Ct. at 843. A federal district court sitting in diversity applies the choice-of-law rules of the forum state in determining what law governs. *See Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941). New York follows a "grouping of contacts" or "interest analysis" test for determining what law applies to a particular dispute. *See Zweig,* 1993 WL 227663, at *9–10, 1993 U.S.Dist. LEXIS 8460, at *32. Under this test, the law of the jurisdiction having the greatest interest in the litigation is applied. *See Shultz v. Boy Scouts of America, Inc.,* 65 N.Y.2d 189, 491 N.Y.S.2d 90, 480 N.E.2d 679 (N.Y.1985).

In this case, both the United States and Spain have strong contacts with the transaction at issue. The United States' interest, however, outweighs the Spanish interest: the United States is the place where documents were exchanged between the beneficiary and the confirming bank, where payment to the beneficiary occurred, and where reimbursement to the confirming bank was to take place. Therefore, the preference for having a court familiar with the law decide a case favors retaining this suit.

This Court also has considered the problem of court congestion in determining *forum non conveniens* motions. *See Gilbert,* 330 U.S. at 508, 67 S.Ct. at 843; *Domingo,* 340 F.Supp. at 861. Defendant argues that New York's overburdened courts are reason enough to dismiss this action. (Defendant's Memo. at 5.) As plaintiff points out, however, this case's toll on the court likely will not be substantial as the issues are limited and neither party has sought a jury. (Plaintiff's Memo. at 9.)

The "inherent delays, uncertainties, administrative complications and hardships" of dismissal favor retaining jurisdiction of this case. *Gilbert,* 330 U.S. at 517, 67 S.Ct. at 847 (Black, J., dissenting). Denying Nationsbank continued access to this court and requiring it to begin anew in another forum, in fact, would add to administrative problems rather than alleviate them. Considering all relevant factors, I find that public interest considerations also weigh in favor of retaining jurisdiction.

■ In a motion for dismissal on the grounds of *forum non conveniens,* the burden is on the defendant to show that the balance of conveniences strongly favors dismissal. *See Gilbert,* 330 U.S. at 508, 67 S.Ct. at 843. Defendant BEX has not met this burden. Because the plaintiff is an American company, the disputed transaction occurred in the United States, the payment on the letter of credit was to be in the United States in U.S. dollars, most of the documents are in the English language and are available in the United States, and there would be significant inconvenience to the plaintiff to

bring this suit in Spain, I find dismissal on *forum non conveniens* grounds to be inappropriate.[8]

## B. *Default Judgment*

Entry of default judgment is subject to the court's discretion.[9] *See Katz v. Morgenthau*, 709 F.Supp. 1219, 1225 (S.D.N.Y.1989), *aff'd in part and rev'd in part on other grounds*, 892 F.2d 20 (2d Cir.1989). A court also has discretion under the Federal Rules of Civil Procedure to extend the time permitted to answer a complaint. *See* Fed.R.Civ.P. 12(a). The Supreme Court has held that the basic purpose of the Federal Rules is to "administer justice through fair trials, not through summary dismissals." *Surowitz v. Hilton Hotels*, 383 U.S. 363, 86 S.Ct. 845, 15 L.Ed.2d 807 (1966) (denying dismissal of stockholder derivative suit despite proven defects in complaint). Accordingly, default judgments "are not favored ... and doubts are to be resolved in favor of a trial on the merits." *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981); *see also, Enron Oil Corp. v. Masonari Diakuhara*, 10 F.3d 90, 95 (2d Cir.1993) ("[W]hen doubt exists as to whether default should be granted or vacated, the doubt should be resolved in favor of the defaulting party."); *Peterson v. Term Taxi*, 429 F.2d 888, 891 (2d Cir.1970) (default judgment is a "drastic remedy"). Entry of default judgment is "a sanction generally favored as a last, not a first resort." *Katz*, 709 F.Supp. at 1225, 1226 (default judgment is the "most severe sanction which a court can apply").

▬ The preference for denying a motion for default judgment is particularly strong when the defendant is a foreign sovereign. *First Fidelity Bank v. Government of Antigua and Barbados*, 877 F.2d 189, 196 (2d Cir.1989) ("courts go to great lengths to avoid default judgment against foreign sovereigns"). When a foreign sovereign defaults, the burden is on the moving party to provide sufficient evidence that default judgment is appropriate. *See Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 242 (2d Cir.1994). Under the Foreign Sovereign Immunities Act ("F.S.I.A."),[10] "no judgment of default shall be entered by a Court of the United States ... against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the Court." 28 U.S.C. § 1608(e). An "agency or instrumentality of a foreign state" is defined to include an entity which is a separate legal person, a majority of whose shares is owned by a foreign state and which is not created under the laws of any third country. 28 U.S.C. § 1603(b). As a Spanish corporation with sixty percent of its shares owned by the Spanish government, BEX meets the requirements of a "foreign state." (Zaslowsky Decl. ¶¶ 4, 5, Exh. 2.)

Nationsbank argues that it is entitled to default judgment pursuant to Fed.R.Civ.P. 55(a) because BEX has failed to answer the complaint in a timely fashion. (Plaintiff's Mem. at 14, Declaration of Christopher M. Mason Sworn to on July 6, 1993 ¶¶ 9, 10 ("Mason Decl.").) BEX responds that default judgment is not appropriate because it filed a motion to dismiss on grounds of *forum non conveniens* within the time frame for

---

**8.** In allowing dismissal where plaintiff does not have specific reasons for his choice of forum, *Gilbert* was addressing cases where plaintiff chooses a forum solely to harass the defendant. The Court was concerned with not allowing plaintiff to harass the defendant by choosing an inconvenient forum and "inflicting upon him expense or trouble not necessary to his own right to pursue his remedy." *Gilbert*, 330 U.S. at 508, 67 S.Ct. at 843. There is no showing here that plaintiff's decision was influenced by any improper motive.

**9.** The procedure for default judgment is set out in Fed.R.Civ.P. 55. The clerk will enter default when a party's failure to plead or defend is made apparent through affidavits or otherwise. The clerk or the court will then enter default judgment upon application. Fed.R.Civ.P. 55(a), (b). Courts generally will excuse the failure of the moving party to obtain entry of default prior to a motion for default judgment and combine the two steps. *See, e.g., Hirsch v. Innovation International*, 1992 WL 316143 (S.D.N.Y.1992); *Traguth v. Zuck*, 710 F.2d 90 (2d Cir.1983). I have chosen to follow that procedure in the present case.

**10.** Pub.L. No. 94–583, 90 Stat. 2891–98; codified at 28 U.S.C. §§ 1330, 1332(a), 1391(f), 1441(d), 1602–6111.

response stipulated by the parties.[11] (Declaration of David Zaslowsky Sworn to on July 14, 1993, Exh. 1 (extending the time for response to June 15, 1993) ("Zaslowsky Decl.").)

■ Courts generally apply a three-pronged test in determining default judgment cases: first, courts consider the willfulness of the default; second, whether the adversary would suffer prejudice if the default were set aside; and, third, whether the defaulting party presents a meritorious defense. *See Katz,* 709 F.Supp. at 1226; *Meehan,* 652 F.2d at 277. The Second Circuit has found that default judgment is generally "available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his right." *Meehan,* 652 F.2d at 277 (quoting *Jackson v. Beech,* 636 F.2d 831, 836 (D.C.Cir.1980)).

■ Although Nationsbank contends that BEX knew of its sovereignty status before the stipulation by the parties, Nationsbank has not shown that BEX willfully and intentionally failed to respond to the complaint. Indeed, BEX did request a pre-motion conference and did make a motion to dismiss on *forum non conveniens* grounds within the required time frame. A motion to dismiss for *forum non conveniens* is not one which can be made in lieu of an answer under the Federal Rules of Civil Procedure, but BEX clearly can not be considered an "unresponsive party." *See* Fed.R.Civ.P. 12(b).

I next consider whether the moving party would be prejudiced if the motion is denied. Nationsbank has neither claimed nor proven it would be prejudiced if default judgment were not entered, and I am unable to discern any prejudice.

Finally, the Court must consider whether there are meritorious defenses presented. At this stage, BEX generally denies the alle-gations of the complaint. (Defendant's Memo. at 2 n. 1.)

Because of the strong preference for deciding cases—particularly those against foreign sovereigns—on their merits, and because evaluation of the relevant factors does not overcome this preference, I find default judgment to be inappropriate and, therefore, deny plaintiff's motion for default judgment.

### CONCLUSION

As discussed above, defendant BEX's motions to dismiss on *forum non conveniens* and plaintiff Nationsbank's motion for default judgment are denied. BEX shall have ten days from the date of this Order to answer the complaint. *See* Fed.R.Civ.P. 12(a)(1). If plaintiff still desires to move for summary judgment, it may seek permission to do so by filing a Statement Pursuant to Local Rule 3(g) within ten days after BEX's answer. BEX shall respond to that statement one week thereafter.

SO ORDERED.

---

11. BEX also argues that plaintiff's motion for default on July 6, 1993 was premature because the parties made a mutual error in believing that BEX's time for response expired on June 1, 1993 (extended to June 15 by stipulation). (Defendant's Reply Memo. at 8.) BEX contends as a "foreign state" under the Foreign Sovereign Immunities Act BEX is entitled to 60 days for response (expiring July 9). (Defendant's Reply Memo. at 8 n. 7); 28 U.S.C. § 1608(d). I do not decide this issue because I find on other grounds that default judgment is not appropriate.