UIH–SFCC HOLDINGS, L.P. and UIH–SFCC, L.P., Plaintiffs–Appellants,

v.

Loic BRIGATO, Winfred J. Anderson, and Yoshiko Payne, Defendants–Appellees.

No. 01CA1234.

Colorado Court of Appeals, Div. IV.

May 23, 2002.

Jacobs Chase Frick Kleinkopf & Kelley, Jeffrey A. Chase, N. Reid Neureiter, Denver, Colorado, for Plaintiffs–Appellants.

No Appearance for Defendants–Appellees.

Opinion by Judge TAUBMAN.

Plaintiffs, UIH–SFCC Holdings, L.P. and UIH–SFCC, L.P. (collectively UIH), appeal the trial court's order dismissing their complaint on the basis of forum non conveniens. We reverse.

UIH–SFCC, L.P. is a Colorado partnership with its principal place of business in Denver. UIH–SFCC Holdings, L.P., the general partner in UIH–SFCC, L.P., is a Colorado partnership organized under the laws of Colorado. UIH–SFCC Holdings, L.P. is an indirect, wholly-owned subsidiary of UIH, Inc., a Colorado corporation. UIH, Inc. is in the business of acquiring ownership interests in and maintaining cable television systems internationally. When UIH filed this complaint, UIH, Inc. had interests in 23 countries, serving 10.7 million homes and approximately 4 million cable subscribers.

Defendants, Loic Brigato, Winfred J. Anderson, and Yoshiko Payne (collectively partners), are limited partners in UIH–SFCC, L.P. Brigato is a citizen of France and French Polynesia. Anderson and Payne are United States citizens.

This dispute concerns the operation of the French Polynesian cable television system. According to the allegations in the complaint, in 1994, the partners obtained broadcast licenses from the French government and sought investment funds from UIH, Inc. to develop the cable television industry in Tahiti. The parties formed the partnership in 1995 by executing a partnership agreement. Simultaneously, the parties executed a master agreement whereby the partnership obtained all the preferred shares in a French company that owned the then existing Tahitian cable television system. By 1998, UIH–SFCC Holdings, L.P. had invested approximately twenty million dollars in the venture.

In August 1998, UIH filed a complaint in Colorado district court against the partners, alleging that they had refused to comply with the terms of the partnership agreement and breached their fiduciary duties to UIH.

In June 2001, the trial court, after denying the partners' motion to dismiss for lack of personal jurisdiction and forum non conveniens, granted the partners' motion to reconsider and dismissed the case without prejudice under the doctrine of forum non conveniens. This appeal followed.

## I. Final Judgment

As an initial matter, we note that a trial court's dismissal of an action without prejudice typically does not constitute a final judgment for purposes of appeal. However, such a dismissal is considered final and appealable if further action by the plaintiff would be barred by the statute of limitations. See *Brody v. Bock*, 897 P.2d 769 (Colo.1995); *B.C. Inv. Co. v. Throm*, 650 P.2d 1333 (Colo. App.1982). Because it appears that the applicable three-year and two-year statutes of limitations would bar UIH from refiling its claims, we will consider the trial court's dismissal as final and address the merits of this appeal.

## II. Motion to Reconsider

UIH contends that the law of the case doctrine should have precluded the trial

court from granting the partners' motion for reconsideration. We disagree.

In February 2000, the trial court denied the partners' motion to dismiss based on forum non conveniens, finding that although the partners' contacts with Colorado were minimal and virtually all the witnesses and relevant evidence were located in French Polynesia, it had no basis to grant the motion. However, the court noted its concerns regarding the partners' ability to defend the action in Colorado and concluded that if the partners' due process rights were in jeopardy, it might reconsider its order.

Subsequently, in their motion for reconsideration, the partners submitted an affidavit from a French Polynesian representative to the French National Assembly, stating that resolution of this action in Colorado would impact the sovereign and national security interests of France and French Polynesia. The partners also argued that they were financially unable to defend the action in Colorado and submitted affidavits from each of the partners detailing their impecuniousness.

We conclude that despite the initial order, the trial court was not prohibited from reconsidering its ruling in light of the new circumstances. *See Forbes v. Goldenhersh,* 899 P.2d 246 (Colo.App.1994)(trial court which had entered a partial summary judgment ruling did not err in considering evidence on that issue during trial and in reversing its ruling in its final judgment); *see also Vashone–Caruso v. Suthers,* 29 P.3d 339 (Colo. App.2001)(court may decline to apply law of the case doctrine if it determines that the previous decision is no longer sound because of changed conditions or law, or legal or factual error, or if the prior decision would result in manifest injustice).

Furthermore, we reject UIH's contention that the trial court was precluded from considering the partners' motion to reconsider because the information contained therein could have been discovered earlier. This motion did not seek a new trial. As a result, the trial court was not limited by the requirements of C.R.C.P. 59(d). *See also Kennedy v. Bailey,* 169 Colo. 43, 453 P.2d 808 (1969)(to sustain a motion for new trial on the grounds of newly discovered evidence, it is essential that the evidence could not have been discovered in the exercise of reasonable diligence and produced at the trial).

Therefore, we conclude that the trial court properly addressed the partners' motion to reconsider.

### III. Forum Non Conveniens

■ UIH contends that the trial court erred in granting the partners' motion to reconsider because the doctrine of forum non conveniens does not apply in Colorado when the plaintiff is a Colorado resident and has established personal jurisdiction over the defendant in Colorado. We disagree. However, we conclude, for the reasons stated below, that the trial court nonetheless abused its discretion when it dismissed UIH's complaint based on forum non conveniens.

■ Forum non conveniens is an equitable doctrine under which a trial court has discretion to dismiss an action when it concludes that a more appropriate forum lies elsewhere. *PMI Mortg. Ins. Co. v. Deseret Fed. Sav. & Loan,* 757 P.2d 1156, 1158 (Colo. 1988). The burden is on the moving party to establish the need for a forum non conveniens transfer. *See Rivendell Forest Prods., Ltd. v. Canadian Pac. Ltd.,* 2 F.3d 990, 993 (10th Cir.1993).

■ The forum non conveniens determination is committed to the sound discretion of the trial court. The court's decision deserves substantial deference and may be reversed only when there has been a clear abuse of discretion. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). *See also PMI Mortg. Ins. Co. v. Deseret Fed. Sav. & Loan, supra* (concluding that the trial court did not abuse its discretion in dismissing the action based on forum non conveniens).

■ However, there is a strong presumption in favor of a plaintiff's choice of forum. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)(noting the plaintiff's choice of forum should rarely be disturbed). This is especially true when the party choosing a United States forum is a

domestic entity and the alternative forum is foreign. *See Olympic Corp. v. Societe Generale,* 462 F.2d 376 (2d Cir.1972). *See also Rivendell Forest Prods., Ltd. v. Canadian Pac. Ltd., supra,* 2 F.3d at 993 n. 4 (noting that if domestic law applies, or if the foreign forum is inadequate, then forum non conveniens doctrine is inapplicable).

In Colorado, the doctrine of forum non conveniens is available in only the most limited circumstances. The supreme court first considered the availability of forum non conveniens in Colorado courts in *McDonnell–Douglas Corp. v. Lohn,* 192 Colo. 200, 557 P.2d 373 (1976). The *McDonnell–Douglas* court relied in part on Colo. Const. art. II, § 6, which provides: "Courts of justice shall be open to every person, and a speedy remedy afforded for every injury to person, property or character; and right and justice should be administered without sale, denial or delay." Based on this constitutional provision, as well as the reasoning employed by courts in other jurisdictions in which the doctrine had been applied, the supreme court concluded that forum non conveniens generally may not be used to dismiss an action filed by a resident plaintiff. It held that "the doctrine of *forum non conveniens* has only the most limited application in Colorado courts, and except in *most unusual circumstances* the choice of a Colorado forum by a resident plaintiff will not be disturbed." *McDonnell–Douglas Corp. v. Lohn, supra,* 192 Colo. at 201, 557 P.2d at 374. (Emphasis added.) *See also Marsin Med. Int'l v. Bauhinia Ltd.,* 948 F.Supp. 180, 190 (E.D.N.Y.1996)(defendant must offer "evidence of 'unusually extreme circumstances' demonstrating that 'material injustice is manifest' to justify overturning plaintiff's choice in favor of a foreign forum"; quoting *Nationsbank of Fla. v. Banco Exterior de Espana,* 867 F.Supp. 167, 170 (S.D.N.Y. 1994)).

Since *McDonnell–Douglas,* no Colorado appellate court has affirmed dismissal for forum non conveniens of a case filed by a resident plaintiff. In fact, only one reported decision has dismissed a case under this doctrine. *See PMI Mortg. Ins. Co. v. Deseret Fed. Sav. & Loan, supra* (affirming trial court's dismissal on the basis of forum non conveniens when neither party was a Colorado resident, the cause of action arose beyond the border of Colorado, numerous witnesses were located in California, similar actions were pending in California and Utah, Colorado residents were not affected by the outcome of the litigation, and the litigation would require a Colorado court to interpret California law).

Thus, the dispositive issue is whether this case presents the unusual circumstances necessary to justify denying a resident plaintiff access to a Colorado forum.

A review of the reported Colorado decisions discussing unusual circumstances illustrates the limits of this term. In *McDonnell–Douglas,* the court noted that the difficulty and expense of securing witnesses and the availability of physical evidence outside Colorado are not unusual circumstances. *McDonnell–Douglas Corp. v. Lohn, supra,* 192 Colo. at 201, 557 P.2d at 374 (noting inconvenience and expense are inherent in all litigation and these factors are insufficient to oust a resident plaintiff from the chosen forum). Similarly, in *Kelce v. Touche Ross & Co.,* 192 Colo. 202, 557 P.2d 374 (1976), the supreme court concluded that the expense of securing witnesses, the location of the evidence, and the availability of another court did not approach the circumstances necessary to deprive a resident of access to the state's court system. Finally, in *Casey v. Truss,* 720 P.2d 985 (Colo.App.1986), a division of this court stated that the applicability of Alaskan law was insufficient to oust the resident plaintiff from his chosen forum.

Here, UIH is a Colorado resident partnership, and neither party is contesting the trial court's exercise of personal jurisdiction over the partners.

The trial court dismissed UIH's complaint, concluding that: the partners' contacts with the state were minimal; Colorado's interest in providing a judicial forum for its own citizens is drastically reduced where the plaintiff is a large multinational corporation; similar litigation was pending in French Polynesia; and the dispute was an important concern for French Polynesia. In addition,

the trial court found that the partners are persons of limited means and would have financial difficulty defending the action in Colorado. It noted the costs for travel, translation and interpretation services, and international communications. Finally, it considered the affidavits from potential witnesses stating they were unwilling to travel to Colorado, including the affidavit of the French Polynesian representative noted above.

However, it is undisputed that the partners initiated the business dealings with UIH, the contract was entered into in Colorado, and the parties agreed in writing that Colorado law would govern disputes. Indeed, Anderson admitted that the partners agreed to the possibility of arbitration in the United States. Additionally, the difficulty in securing witnesses is not an unusual circumstance. Further, we conclude that the availability of the Tahitian forum and the costs associated with litigating the action here also are not unusual circumstances as contemplated by *McDonnell–Douglas.*

No reported Colorado decision has distinguished between a resident plaintiff and a plaintiff that is a Colorado resident partnership whose general partner is a wholly-owned subsidiary of a Colorado corporation doing business internationally. Given the severe limitation of the forum non conveniens doctrine in Colorado, we decline to carve out an exception solely on the basis that the Colorado partnerships here do business internationally.

Finally, we conclude that the vague assertions contained in the affidavit of the French Polynesian representative, without more, are insufficient to deny UIH a forum in its resident state. In his affidavit, the representative maintained that no United States court should decide issues important to the people of French Polynesia. In particular, he asserted that this case impacts the sovereign interest of the French government and that because the telecommunications sector is of high strategic importance, the case also affects national security issues of France and French Polynesia. However, there is no indication in the record that the representative is authorized to speak for the governments of France or French Polynesia. Accordingly, this affidavit does not present an unusual circumstance warranting a departure from the norm that a Colorado resident is entitled to litigate its case in this state.

Thus, we conclude that the trial court abused its discretion when it granted the partners' motion to reconsider and dismissed the case.

The order of the trial court is reversed.

Judge MARQUEZ and Judge VOGT concur.