UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

VIRGINIE GSCHWIND, in her own
right and administratix of the estate of
Cyril Gschwind and Alexandra
Gschwind,

       Plaintiff - Appellant,

  v.

CESSNA AIRCRAFT COMPANY;
PRATT & WHITNEY CANADA,
INC.,

       Defendants - Appellees.

No. 97-3164

---

ORDER

Filed November 10, 1998

---

Before TACHA, McWILLIAMS, and KELLY, Circuit Judges.

---

Appellee's motion to publish the order and judgment filed on September

18, 1998, is granted.  The published opinion is attached to this order.

                    Entered for the Court
                    Patrick Fisher, Clerk of Court

                    By:
                          Keith Nelson
                          Deputy Clerk

F I L E D
United States Court of Appeals
Tenth Circuit

SEP 18 1998

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

VIRGINIE GSCHWIND, in her own
right and administratix of the estate of
Cyril Gschwind and Alexandra
Gschwind,

       Plaintiff - Appellant,

   v.

CESSNA AIRCRAFT COMPANY;
PRATT & WHITNEY CANADA,
INC.,

       Defendants - Appellees.

No. 97-3164

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D. Ct. No. 96-1269-MLB)

---

Catherine B. Slavin, Wolk & Genter, Philadelphia, Pennsylvania (Ken. M.
Peterson, Morris, Laing, Evans, Brock & Kennedy, Wichita, Kansas, with her on
the briefs), appearing for Appellant.

John C. Nettels, Jr., Morrison & Hecker, Wichita, Kansas, appearing for Appellee
Cessna Aircraft Company.

Curtis C. Landherr, Baker, Sterchi, Cowden & Rice, L.L.C., Overland Park,
Kansas, (John W. Cowden, Baker, Sterchi, Cowden & Rice, L.L.C., Kansas City,
Missouri, with him on the brief), appearing for Appellee Pratt & Whitney Canada,
Ltd.

Before **TACHA**, **McWILLIAMS**, and **KELLY**, Circuit Judges.

**TACHA**, Circuit Judge.

This case arises from a plane crash that occurred in France and killed the pilot, Cyril Gschwind. Defendants, the Cessna Aircraft Company and Pratt & Whitney Canada, moved for dismissal based on *forum non conveniens.* The district court granted their motion, finding that France would be a significantly more convenient forum for this dispute. We take jurisdiction of the plaintiff's appeal pursuant to 18 U.S.C. § 1291 and affirm.

On August 16, 1993, Cyril Gschwind, a French citizen living in Belgium, died when the Cessna Caravan 208B that he was piloting crashed near Cannes, France. At the time of his death, the decedent was the European distributor for Cessna Caravan Aircraft. His company, Aviation & Services Europe, had offices in Mandelieu, France. Nonetheless, Mr. Gschwind's business brought him to the United States on a number of occasions, and he had been trained to fly the Cessna Caravan in Miami, Florida.

There may have been one eyewitness to the crash, which was investigated by French authorities. The aircraft involved in the accident had only approximately fifty hours of actual flight time; no maintenance had been

performed on it since it had left the United States. Although French authorities sent some components of the aircraft to the United States for testing, the wreckage is still in France.

A lawsuit relating to the financial position of the decedent's business at the time of his death was filed in Cannes, France, shortly after the crash. In the suit, a British aircraft company named Titan alleges that Gschwind kept money that was to be used for the purchase of a Cessna aircraft. This evidence, along with a note written by Mr. Gschwind to a business associate named Peter Bennedsen and faxed to him shortly before the crash, suggests the possibility of suicide. The note read:

> I am obliged to take a flight today with which I don't feel comfortable at all. Should anything happen to me, and since you are the only person I trust, could you please: (1) wire back the extra money you receive from me [to a Swiss bank account, and] (2) take care as best you can, of the interest of my small family (wife & baby).

Appellant App. at 295.

Mr. Gschwind's widow, Virginie Gschwind, brought this wrongful death action against Cessna, the Kansas manufacturer of the Caravan 208B aircraft, Pratt & Whitney Canada, a Quebec company that manufactured the engine used in the Caravan, and Hartzell Propeller Inc., an Ohio company that makes some (but not all) of the propellers for the Caravan aircrafts. Plaintiff based her action on various product liability and negligence claims. The parties eventually dismissed

- 3 -

Hartzell from the case by stipulation.

The Plaintiff sued in the Court of Common Pleas for Montgomery County, Ohio, and the Defendants removed to federal court. Defendant Cessna then filed a motion to dismiss on the grounds of *forum non conveniens* or for a change of venue to the U.S. District Court for the District of Kansas. Pratt & Whitney moved to dismiss for lack of personal jurisdiction or, in the alternative, for dismissal based on *forum non conveniens*. The Magistrate handling the case recommended that Defendants' *forum non conveniens* motions be denied. The Magistrate did, however, grant the lesser request of a transfer to the District of Kansas. The case was transferred to the District of Kansas, where the Defendants appealed the Magistrate's *forum non conveniens* recommendation. The district court agreed with Defendants and dismissed the case based on *forum non conveniens*. The district court conditioned its dismissal on Defendants' agreement to: (1) produce their respective employees, officers and records in France, at their own cost; (2) make good faith and reasonable efforts to obtain the attendance of former employees and officers; (3) waive any limitations defenses that would not have been available to them had plaintiff initiated her litigation in France on the same day she filed her complaint in Ohio; (4) transport all physical evidence brought from Europe back to France; (5) voluntarily enter their appearance before the court when plaintiff initiates her litigation in France; and

- 4 -

(6) consent to reinstatement of this case in its present posture in the event that the French courts refuse to accept jurisdiction over the matter.

## I.

"[T]he central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 256 (1981). There are two threshold questions in the *forum non conveniens* determination: first, whether there is an adequate alternative forum in which the defendant is amenable to process, see id. at 254 n.22, and second, whether foreign law applies, see Rivendell Forest Prod., Ltd. v. Canadian Pac. Ltd., 2 F.3d 990, 994 (10th Cir. 1993). If the answer to either of these questions is no, the *forum non conveniens* doctrine is inapplicable. If, however, the answer to both questions is yes, the court goes on to weigh the private and public interests bearing on the *forum non conveniens* decision.

The private interest factors to be considered are: (1) the relative ease of access to sources of proof; (2) availability of compulsory process for compelling attendance of witnesses; (3) cost of obtaining attendance of willing non-party witnesses; (4) possibility of a view of the premises, if appropriate; and (5) all other practical problems that make trial of the case easy, expeditious and inexpensive. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947). The public interest factors include: (1) administrative difficulties of courts with congested

dockets which can be caused by cases not being filed at their place of origin; (2) the burden of jury duty on members of a community with no connection to the litigation; (3) the local interest in having localized controversies decided at home; and (4) the appropriateness of having diversity cases tried in a forum that is familiar with the governing law. See id. at 508-09.

As the district court noted, normally there is a strong presumption in favor of hearing the case in the plaintiff's chosen forum. See Piper, 454 U.S. at 255. That presumption is overcome "only when the private and public interest factors clearly point towards trial in the alternative forum." Id. A foreign plaintiff's choice of forum, however, warrants less deference. See id. at 256. When the plaintiff is foreign, the private and public interest factors need not so heavily favor the alternate forum. See id.

Plaintiff alleges error by the district court on a number of grounds. First, Plaintiff complains that the district court erred in its consideration of the availability of an alternate forum, its determination that French law will govern the case, and its weighing of the private and public interest factors. Second, Plaintiff contends that Defendant failed to provide a sufficient factual record in support of its motion.

Our standard for reviewing a district court's decision to grant or deny a motion for *forum non conveniens* is as follows:

> The *forum non conveniens* determination is committed to the sound discretion of the trial court. It may be reversed only when there has been a clear abuse of discretion; where the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference.

Id. at 257. Nonetheless, appellate review is not perfunctory; we carefully examine the reasoning of the district court. See Rivendell, 2 F.3d at 992.

A.

We address first the district court's alleged error in determining that there is an adequate and available alternate forum--in this case, France. Plaintiff correctly notes that the defendant bears the burden of proving that an adequate alternative forum exists. See, e.g., El-Fadl v. Central Bank of Jordan, 75 F.3d 668, 677 (D.C. Cir. 1996); Schertenleib v. Traum, 589 F.2d 1156, 1160 (2d Cir. 1978). The defendant must prove that the alternative forum is both available and adequate. Kamel v. Hill-Rom Co., 108 F.3d 799, 802 (7th Cir. 1997); Reid-Walen v. Hansen, 933 F.2d 1390, 1393 n.2 (8th Cir. 1991).

In this case, Defendants agreed to be subject to suit in France. That concession is generally enough to make the alternative forum available. See Piper, 454 U.S. at 254 n.22 ("Ordinarily, this requirement will be satisfied when the defendant is 'amenable to process' in the other jurisdiction.") (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 506-07 (1947)); Magnin v. Teledyne Continental Motors, 91 F.3d 1424, 1429 (11th Cir. 1996) (finding

France an available alternative forum where the defendants had agreed to French jurisdiction); R. Maganlal & Co. v. M.G. Chem. Co., 942 F.2d 164, 167 (2d. Cir. 1991) (finding India was adequate and available forum where defendant agreed to submit to Indian court jurisdiction); Contact Lumber Co. v. P.T. Moges Shipping Co., Ltd., 918 F.2d 1446, 1450 (9th Cir. 1990) (agreement to be subject to jurisdiction of Philippine courts established available alternate forum). Plaintiff points out that there was no evidence that the French courts would in fact accept jurisdiction, even with Defendants' consent. Defendants certainly would have greatly assisted this court's review by providing evidence of relevant French law. Nevertheless, the district court determined that France is an available alternate forum, and, for several reasons, we find no clear error in this conclusion.

First, French law recognizes product liability and wrongful death actions, see Martindale-Hubbell, France Law Digest in Martindale-Hubbell International Law Digest FRA-31 (Coudert Brothers and Coudert Freres eds., 1998); Piper, 454 U.S. at 254 n.18 ("Rules roughly equivalent to American strict liability are effective in France . . . ."); Mediterranean Golf, Inc. v. Hirsh, 783 F. Supp. 835, 841 n.6 (D.N.J. 1991) (noting that French law provides a broad statutory basis for tort liability). Second, Plaintiff herself admitted in the record that she could bring a viable action against defendants in French courts

in Digne, France.  Appellant App. at 210.  Finally, the district court conditioned its dismissal for *forum non conveniens* on Defendants' consent to have the action reinstated in the District of Kansas if the French courts refuse jurisdiction.  That condition, combined with the court's findings on French law, is enough to ensure that the case will be heard; in fact, such an approach was explicitly approved in <u>Mercier v. Sheraton International, Inc.</u>, the case cited by Plaintiff.  <u>See</u> <u>Mercier v. Sheraton Int'l, Inc.</u>, 935 F.2d 419, 426 (1st Cir. 1991) ("At a minimum, the district court should have granted a dismissal conditioned on the [foreign] courts' actually taking cognizance of a substitute action.").  Therefore, we find no error in the district court's conclusion that an alternate forum is available.

Plaintiff also objects to the finding that the French court system is adequate.  First, Plaintiff's brief implies that the French system is inadequate because of the delay that might be involved in a French proceeding.  According to Plaintiff, the French courts would stay a civil action until the completion of their criminal proceedings.  Such a delay does not render the French courts inadequate, as one court noted in an analogous case:

> Regrettably for [the plaintiff], procedural differences between forums do not bar a *forum non conveniens* dismissal in the absence of a "complete denial of due process."  Delays in an alternative forum's judicial system are not sufficiently harmful of due process to prevent dismissal on the ground of *forum non conveniens* . . . .

. . . .

> . . . . The French proceeding remains adequate, even if the criminal charge stays the civil process.

Broadcasting Rights Int'l Corp. v. Societe du Tour de France, S.A.R.L., 708 F. Supp. 83, 85-86 (S.D.N.Y. 1989) (citations omitted).

Second, Plaintiff argues that the French system was inadequate because Defendants were not required to waive *all* of their limitations defenses in the foreign country.  Instead, the district court only required that Defendants waive limitations defenses that would not have been available to them in France on the day Gschwind filed her initial complaint in the Ohio system.  Courts of appeals have approved conditions similar to the one given by the district court. See, e.g., Needham v. Phillips Petroleum Co., 719 F.2d 1481, 1483 (10th Cir. 1983); Zekic v. Reading & Bates Drilling Co., 680 F.2d 1107, 1108 (5th Cir. 1982), overruled on other grounds, In re Air Crash Disaster Near New Orleans, Louisiana on July 9, 1982, 821 F.2d. 1147, 1163-64 n.25 (5th Cir. 1987). Moreover, the remedy provided by the alternate forum need not be the same as that provided by the American court; only when the alternate forum's remedy is "so clearly inadequate . . . that it is no remedy at all" should the unfavorable change in law weigh in the court's determination.  Piper, 454 U.S. at 254-55. We do not find the French system inadequate on this count.

- 10 -

## B.

Plaintiff next asserts that the district court erred in its determination that, under applicable choice of law principles, French law will govern the case. As we noted, choice of law is a threshold determination for application of *forum non conveniens*. We review choice of law decisions de novo. Needham v. Phillips Petroleum Co. of Norway, 719 F.2d 1481, 1483 (10th Cir. 1983). The district court correctly determined that Ohio's choice of law jurisprudence governs this suit and carefully analyzed the factors under Ohio law. After independently reviewing the record and applicable law, we agree with the analysis and conclusion of the district court. Plaintiff asserts that the district court gave too little weight to Kansas as the alleged situs of the tortious conduct and to the interest of Kansas in the litigation. The district court, however, properly recognized that there are numerous places where the tortious conduct could have occurred, and it gave the interest of Kansas adequate weight.

## C.

Plaintiff's third group of arguments relates to the district court's weighing of the private interest factors. Plaintiff contends that the district court failed to assign sufficient weight to the fact that all of the evidence relating to the aircraft's component certification, and much of the evidence

- 11 -

relating to Mr. Gschwind's flight training and business dealings, is located in the United States. The district court analyzed this evidence when considering the first private interest factor: relative ease of access to sources of proof.

With respect to the component certification and flight training records, the district court made the following conclusion: "The parties themselves, their employees and records, are equally accessible in both France and Kansas because the parties are subject to personal jurisdiction in both locations." Dist. Ct. Mem. & Order at 20. The court determined that virtually all of the evidence relating to the products liability claim fell into this category of evidence.

The district court ultimately found that this factor favored Defendants because most of the evidence relevant to the defendants' claim that Mr. Gschwind was either contributorily negligent or committed suicide was more readily available in France. This evidence included, among other things, accounts of the decedent's business dealings. Although Plaintiff claims that much of the business-related evidence is in the United States, the district court found that the decedent was doing business primarily in Europe. We do not find this conclusion clearly erroneous. Furthermore, because the district court performed a reasoned analysis of this factor, we find that the district court did not abuse its discretion in weighing it in favor of Defendant.

Plaintiff further argues that the district court erred by failing to state the

amount of deference due to this foreign plaintiff's choice of forum.  Plaintiff

relies on <u>Lony v. E.I. DuPont de Nemours & Co.</u>, 886 F.2d 628, 633 (3d Cir.

1989) and <u>Lacey v. Cessna Aircraft Co.</u>, 932 F.2d 170, 179 (3d Cir. 1991).

Those cases, however, require nothing more than a recognition on the part of

the district court that a foreign plaintiff's choice of forum merits some

deference, but not as much as that of a domestic plaintiff.  As the Third Circuit

said:

> [W]e do not read this language [from <u>Lony</u>] as requiring a
> court somehow to mark on a continuum the precise degree of
> deference it accords a plaintiff's choice.  Indeed, the district
> court in this case expressly eschewed such an illusory exercise,
> stating frankly that it was "impossible to quantify" the
> applicable level of deference. . . .  Specifically, the court
> stated that defendants must establish a "strong preponderance
> in favor of dismissal."

<u>Lacey</u>, 932 F.2d at 179.  In this case, the district court stated that when, as here,

the plaintiff is foreign, the plaintiff's choice of forum "deserves less deference."

Dist. Ct. Mem. & Order at 11 (quoting <u>Piper</u>, 454 U.S. at 25).  This statement of

the law is correct, and we find no abuse of discretion by the district court.

Plaintiff also argues that the district court erred in weighing the private

interest factors because it did not consider that Cessna, a party seeking

dismissal, was a forum resident.  Plaintiff contends that this fact should have

weighed heavily against dismissal.  It is true that a forum resident should have

to make a stronger case than others for dismissal based on *forum non*

*conveniens*.  See <u>Reid-Walen v. Hansen</u>, 933 F.2d 1390, 1395 (8th Cir. 1991).

For a number of reasons, however, we conclude that the district court did not abuse its discretion by failing to mention this consideration.  In this case, the forum resident, Cessna, was not the only defendant arguing for dismissal based on *forum non conveniens*.  Pratt & Whitney, a company located in Longueil, Quebec, had also moved for dismissal.  Thus, the strength of Plaintiff's argument is diluted by at least one-half.  It is further diluted by the fact that Cessna is an international organization; the fact that a defendant is a resident of the forum has more weight in the *forum non conveniens* analysis when the defendant is an individual rather than a broad-based corporation.  See <u>id.</u> Furthermore, Cessna's residency did weigh against it in this case, though in a slightly different context.  The district court, in its analysis of the public interest factors, determined that the case would not excessively burden Kansas citizens because Cessna's residence in Kansas gave the state a connection to the litigation.  See <u>Dist. Ct. Mem. and Order</u>, at 28.

### D.

Plaintiff makes only two arguments relating to the district court's evaluation of the public interest factors.  First, Plaintiff indicates that the district court erred in weighing the "administrative difficulties" factor in favor of Defendants.  With respect to this factor, the district court said that

"[a]llowing the case to proceed in this court will unduly contribute to the congestion of the court's docket. There are already numerous civil motions that have been pending before this court for more than six months." Dist. Ct. Mem. & Order, at 27. According to Plaintiff, it is unfair to hold the court's congested docket against her in light of the fact that all of the pending motions in this case had been filed by Defendants.

Plaintiff misinterprets the court's statements. The court was not referring to congestion in this particular case, but rather a build-up of motions and cases before the District of Kansas as a whole. Under Piper and Gulf Oil, it is proper for the district court to consider the administrative difficulties this case would pose to the District of Kansas in deciding the *forum non conveniens* issue.

Next, Plaintiff asserts that the district court placed too much reliance on its unfamiliarity with French law. That consideration cannot be dispositive where the balance of factors demonstrates that the plaintiff's choice is an appropriate one. See Rivendell Forest Prods., Ltd. v. Canadian Pac. Ltd., 2 F.3d 990, 994 (10th Cir. 1993). Considering, however, that we have determined that the district court did not err in weighing the administrative burden against the plaintiff, along with the fact that France had a greater "localized" interest in the matter, it can hardly be said that the district court relied solely on its unfamiliarity with French law. We find the district court's analysis of the

factors to be reasonable. There is no abuse of discretion with regard to the public interest factors.

II.

Plaintiff's second argument is that Defendants failed to provide a factual record sufficient to support a finding that the public and private interests weighed in favor of dismissal. In Piper, the Supreme Court said:

> [The Court of Appeals] suggested that defendants seeking *forum non conveniens* dismissal must submit affidavits identifying the witnesses they would call and the testimony these witnesses would provide if the trial were held in the alternative forum. Such detail is not necessary. Piper and Hartzell have moved for dismissal precisely because many crucial witnesses are located beyond the reach of compulsory process, and thus are difficult to identify or interview. Requiring extensive investigation would defeat the purpose of their motion. Of course, defendants must provide enough information to enable the District Court to balance the parties' interests.

Piper, 454 U.S. at 258. Plaintiff notes, correctly, that the defendant's showing has been found insufficient in cases in which the party failed to put any relevant information in the record. See Rivendell, 2 F.3d at 993; Reid-Walen, 933 F.2d at 1396. The amount of information needed to enable the district court to perform the balancing test "depends on the facts of the particular case." Lacey v. Cessna Aircraft, 862 F.2d 38, 44 (3d Cir. 1988).

In Lacey, the defendants argued that pilot error may have caused the crash that gave rise to the lawsuit, as Defendants here do. In Lacey, however, the

defendants did not support their allegations with any factual materials, and therefore the "failure to provide any record support for their contentions precluded the district court from scrutinizing the substance of the dispute between the parties . . . ." Id. In this case, Defendants have come forward with documentary evidence in support of their theory that the decedent had been having business difficulties shortly before his death and that he may have taken his own life. See Appellant's App. at 293-95. Defendants also provided the district court with a copy of pertinent articles of the Hague Evidence Convention, which shed light on the ability of the United States to compel attendance of unwilling foreign witnesses. Admittedly, Defendants have presented a bare minimum of evidence necessary for the court to conduct an informed balancing of factors. This court certainly would have benefitted from additional evidence in the record. Nevertheless, in the context of this case, the items offered by defendant gave the district court enough information to conduct the balancing, and we find no abuse of discretion.

Finally, Plaintiff argues that two of the district court's factual findings are unsupported by the record. Plaintiff first takes issue with the district court's conclusion that most sources of proof relevant to Defendants' claim of contributory negligence and/or suicide will be more readily available in France. We stated previously in Part I.C. that we do not find the district court's

conclusion with regard to this evidence clearly erroneous.

Plaintiff also contends that there is no record evidence for the fact that the decedent regularly conducted business in France. Not only does this fact have support in the record, but Plaintiff concedes it in her brief. See Appellant's Br. at 19.

III.

The district court did not err in its decision to apply French law to the case, and it did not abuse its discretion in finding France to be an available alternate forum or in balancing the relevant private and public interest factors in this case. Furthermore, the factual findings of the district court are not clearly erroneous. We AFFIRM.