**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**December 19, 2012**

**TENTH CIRCUIT**

FIREMAN'S FUND INSURANCE
COMPANY; ZURICH INSURANCE
COMPANY, LTD., as Subrogees to Boart
Longyear, Inc.,

      Plaintiffs - Appellants,

v.

THYSSEN MINING CONSTRUCTION
OF CANADA, LTD.; MUDJATIK
THYSSEN MINING JOINT VENTURE,

      Defendants - Appellees,

and

COMINCO ENGINEERING SERVICES,
LTD., DOES 1 - 10 INCLUSIVE,

      Defendant.

No. 12-2021

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. NO. 6:10-CV-00401-MV-LFG)**

---

Thomas M. Dunford, Cozen O'Connor, Denver, Colorado, appearing for Appellants.

Jennifer L. Collins (Ada B. Priest, with her on the brief), Madison & Mroz, P.A., Albuquerque, New Mexico, appearing for Appellees.

Before **MURPHY, EBEL,** and **MATHESON,** Circuit Judges.

**MATHESON**, Circuit Judge.

Fireman's Fund Insurance Company and Zurich Insurance Company Ltd. (collectively "Plaintiffs"), as subrogees of Boart Longyear, Inc., sued Thyssen Mining Construction of Canada Ltd. ("Thyssen") and Mudjatik Thyssen Mining Joint Venture ("MTM") (collectively "Defendants") in New Mexico for negligence relating to the collapse of a mine that MTM was excavating in Canada. The district court dismissed MTM for lack of personal jurisdiction and dismissed the entire case under the *forum non conveniens* doctrine. The Plaintiffs filed a timely appeal. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the dismissal of MTM for lack of personal jurisdiction and reverse the dismissal of Plaintiffs' complaint under *forum non conveniens*.

## I. BACKGROUND

### A. *Factual Background*

This case arises from the partial collapse of the Cigar Lake Uranium Mine in Saskatchewan, Canada, during an MTM excavation project. MTM is a joint venture formed by two independent companies—Thyssen, the sponsor and managing partner, and Mudjatik Enterprises, Inc., a Saskatchewan-based business corporation—to undertake

mining and contracting work in Northern Saskatchewan and to excavate the Cigar Lake Mine.

In November 2004, Boart Longyear, Inc., an excavation company headquartered in Salt Lake City, Utah, contracted with Cameco Corporation, a Saskatchewan uranium producer with mines in Canada and the United States, to provide skilled labor and drilling equipment for uranium ore extraction at the Cigar Lake Mine. Cameco then contracted with MTM to excavate underground tunnels at the Cigar Lake Mine by drilling and blasting. On October 22, 2006, while MTM was excavating an underground tunnel at this mine, a portion of the tunnel collapsed and flooded, causing $3,766,000 of damage to Boart Longyear's drilling equipment.

Plaintiffs Fireman's Fund Insurance Company and Zurich Insurance Company Ltd. insured Boart Longyear before the Cigar Lake Mine collapse. Boart Longyear submitted insurance claims to Plaintiffs after the mine collapsed and received payment equal to the $3,766,000 in damages caused by the collapsed tunnel and partial flooding. Plaintiffs, as subrogees of Boart Longyear, now seek damages for Defendants' allegedly negligent drilling and blasting excavation procedures at the Cigar Lake Mine.

**B. *Procedural Background***

Plaintiffs sued the Defendants for negligence in Saskatchewan, Canada, on July 20, 2009. The Defendants have asserted a statute of limitations defense in that lawsuit, which, if successful, would result in dismissal of Plaintiffs' case. The court has not decided this issue.

Plaintiffs also sued the same Defendants for the same claims in New Mexico state court on December 21, 2009. Defendants removed the suit to federal court based on diversity jurisdiction. No party is a New Mexico resident. Thyssen conducts business there, but MTM itself has no contacts with New Mexico. Defendants filed a motion to dismiss based on lack of personal jurisdiction and improper venue.

The district court held that Thyssen had sufficient contacts with New Mexico to confer personal jurisdiction but that Plaintiffs had not alleged sufficient facts to subject MTM to personal jurisdiction. The court explained that Plaintiffs had not made a prima facie showing of personal jurisdiction over MTM or requested an evidentiary hearing to determine whether MTM has sufficient minimum contacts with New Mexico.[1] Thus, the court held that it lacked personal jurisdiction over MTM.

The district court also exercised its discretion to dismiss the entire case under the *forum non conveniens* doctrine. It found that New Mexico is an inconvenient forum and that Canada provided a presently available adequate alternative forum despite the pending statute of limitations issue in the Canadian case.

Plaintiffs filed a timely appeal. They contest (1) the dismissal of MTM for lack of personal jurisdiction and (2) the grant of Defendants' motion to dismiss under the *forum non conveniens* doctrine. Thyssen did not cross-appeal on the personal jurisdiction issue.

---

[1] The Plaintiffs did request the opportunity for discovery or an evidentiary hearing on whether Thyssen's contacts in New Mexico were sufficient to confer personal jurisdiction over MTM, but this request relied on the agency theory discussed below, not on a showing of personal jurisdiction over MTM based on MTM's contacts.

-4-

## II.    DISCUSSION

**A.** *Personal Jurisdiction*

When a district court has dismissed a defendant for lack of personal jurisdiction based on the plaintiff's failure to allege sufficient contacts of the defendant with the forum, "[w]e review [the] district court's ruling on [the] jurisdictional question de novo. Thus, our task is to determine whether the plaintiffs' allegations . . . make a prima facie showing of the minimum contacts necessary to establish jurisdiction over each defendant." *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988) (citations omitted).

Personal jurisdiction is established by the laws of the forum state and must comport with constitutional due process. *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). New Mexico's long-arm statute, N.M. Stat. Ann. § 38-1-16 (1971), "is coextensive with constitutional limitations imposed by the Due Process Clause." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006); *see also Tercero v. Roman Catholic Diocese of Norwich*, 48 P.3d 50, 54 (N.M. 2002). Personal jurisdiction over a nonresident defendant satisfies due process if there are sufficient "minimum contacts between the defendant and the forum State." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980) (quotations omitted); *Intercon*, 205 F.3d at 1247. The minimum contacts may support specific jurisdiction or general jurisdiction. *Id.*

For specific jurisdiction, the defendant must have sufficient minimum contacts with the forum state, and jurisdiction over the defendant cannot offend "traditional

-5-

notions of fair play and substantial justice." *Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 113 (1987). The minimum contacts must show that "the defendant 'purposefully avail[ed] itself of the privilege of conducting activities within the forum State.'" *Id*. at 109 (quotations omitted). The contacts with the forum must make being sued there foreseeable so that the defendant could "reasonably anticipate" the suit. *World-Wide Volkswagen*, 444 U.S. at 297. The litigation must "result[] from alleged injuries that arise out of or relate to those activities." *Intercon*, 205 F.3d at 1247 (quotations omitted).

General jurisdiction requires that a defendant have contacts with the forum "so continuous and systematic as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011) (quotations omitted); *see also Trujillo*, 465 F.3d at 1218 n.7 (general jurisdiction requires "'continuous and systematic' general business contacts with the forum state" (quoting *Helicopteros Nacionales v. Hall,* 466 U.S. 408, 415 (1984))). Unlike for specific jurisdiction, the litigation need not arise from the defendant's activities in the forum.

The district court found that New Mexico courts have general jurisdiction over Thyssen but neither general nor specific jurisdiction over MTM. The court explained that

although New Mexico courts have jurisdiction over businesses that are registered and doing business in the state,[2] jurisdiction over Thyssen does not extend to MTM.

Plaintiffs argue on appeal that personal jurisdiction over MTM can be based on an "agency theory." Some courts have held that the actions of an agent, such as a partner, can confer personal jurisdiction over a partnership or joint venture. *See, e.g.*, *Donatelli v. Nat'l Hockey League*, 893 F.2d 459, 466 (1st Cir. 1990) (stating that under the agency theory, a "partner is deemed by law and contract to be the partnership's general agent"). The Tenth Circuit has recognized that "a principal *may* be subject to the jurisdiction of the court because of the activities of its agent within the forum state," but this agency theory applies only when the agent's "acts are committed in the course of or within the scope of the agent's employment." *Taylor v. Phelan*, 912 F.2d 429, 433 (10th Cir. 1990) (emphasis added).

Plaintiffs argue that the district court has jurisdiction over MTM because it has jurisdiction over Thyssen, the managing partner of the MTM joint venture.[3] They

---

[2] New Mexico's long-arm statute provides for personal jurisdiction over "[a]ny person, whether or not a citizen or resident of this state, who. . . submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from . . . the transaction of any business within this state." N.M. Stat. Ann. § 38-1-16(A)(1) (1971).

[3] Plaintiffs cite *Curtis Publishing Co. v. Cassel*, 302 F.2d 132, 138 (10th Cir. 1962) to support this contention. That case involved actions of a "wholly owned but independent subsidiary" which was essentially an alter ego of the principal corporation. Actions of alter egos confer jurisdiction on principal corporations because the nature of the alter ego gives it implied actual authority to act for the corporation. *Id.* Thyssen is

contend that Thyssen's actions need only be incidental to the joint venture to confer personal jurisdiction over MTM.

Plaintiffs' arguments stretch the agency theory too far. Thyssen's actions in New Mexico—registering to do business in the state, conducting transactions there, and designating an agent for service of process—were completely unrelated to the MTM joint venture, which was created for the sole purpose of completing the Canadian drilling project. *See Quarles v. Fuqua Industries, Inc.*, 504 F.2d 1358, 1364-65 (10th Cir. 1974). Thus, the agency theory is inapplicable.

Plaintiffs' arguments for personal jurisdiction over MTM therefore fail. They did not allege any facts to establish that MTM has the requisite minimum contacts with New Mexico to confer personal jurisdiction, nor did they allege facts showing that the New Mexico district court had personal jurisdiction over MTM under the agency theory. Thyssen's acts were not "committed in the course of or within the scope of the agent's [i.e., Thyssen's] employment." *Taylor*, 912 F.2d at 433.

Finally, Plaintiffs contend that the district court erred by failing to grant an evidentiary hearing on the agency basis for jurisdiction. District courts have discretion to hold or deny an evidentiary hearing to determine personal jurisdiction. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069 (10th Cir. 2008). Plaintiffs asked for an evidentiary hearing to show that Thyssen's contacts in New Mexico confer

not a wholly owned subsidiary or alter ego of MTM. Instead, MTM was formed by two independent companies, as a joint venture to complete the Cigar Lake Mines.

personal jurisdiction over MTM, but they did not allege that Thyssen's contacts with New Mexico relate to the Canadian project. *See Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1065 (10th Cir. 2007) (explaining that plaintiffs must make at least a prima facie showing of personal jurisdiction when there is no evidentiary hearing). Instead, they relied on the argument that Thyssen is an agent of MTM with respect to the Canadian mining project and does business in New Mexico. As noted above, this argument fails to support personal jurisdiction, much less justify an evidentiary hearing.

We therefore affirm the district court's dismissal of MTM for lack of personal jurisdiction.

### B. *Forum Non Conveniens*

"The *forum non conveniens* determination is committed to the sound discretion of the trial court." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981). This court may reverse the district court's discretionary decision on this issue only "when there has been a clear abuse of discretion; where the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." *Id.*

Although the district court's decision is entitled to substantial deference, its discretion is not unlimited. Courts have less discretion to dismiss cases based on *forum non conveniens* than they have to transfer cases within our unified federal courts. *See id.* at 253 ("District courts were given more discretion to transfer . . . than they had to dismiss on grounds of *forum non conveniens*."); *Chrysler Credit Corp. v. Country*

*Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).  This is especially true when dismissal in favor of a foreign forum creates a "danger that [the plaintiffs] will be deprived of any remedy" or "the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all."  *Piper Aircraft*, 454 U.S. at 254-55.  In such cases, dismissal may "not be in the interests of justice."  *Id.* at 254; *see also Gschwind v. Cessna Aircraft Co.*, 161 F.3d 602, 607 (10th Cir. 1998) (noting that despite the deference given to the district court's decision in *forum non conveniens* cases, dismissal may still be barred if there is no way to ensure that the merits of the case will be heard in the foreign jurisdiction).

Courts apply a two-step test to determine whether a case may be dismissed under the *forum non conveniens* doctrine when the only alternative forum is in a foreign country.  First, there must be "an adequate alternative forum in which the defendant is amenable to process."  *Id.* at 605.  Second, the court must confirm that foreign law is applicable.  *Id.*; *Rivendell Forest Prod., Ltd. v. Can. Pac. Ltd.*, 2 F.3d 990, 994 (10th Cir. 1993) (holding that the doctrine of "*forum non conveniens* is not applicable if American law controls").  "If the answer to either of these questions is no, the *forum non conveniens* doctrine is inapplicable."  *Gschwind*, 161 F.3d at 605-06.  All parties agree that Canadian law applies, so the question here is whether an adequate alternative forum exists in which Defendants are amenable to process.

"At the outset of any *forum non conveniens* inquiry, the court must determine whether there exists an alternative forum.  Ordinarily, this requirement will be satisfied

-10-

when the defendant is amenable to process in the other jurisdiction." *Piper Aircraft*, 454 U.S. at 254 n. 22 (quotations omitted).  But that is not the end of the analysis.  The Supreme Court further explained that a defendant's amenability to process is necessary but not sufficient to create an adequate alternative forum in a foreign jurisdiction.  If the remedy provided by the foreign forum is "clearly unsatisfactory, the other forum may not be an *adequate* alternative, and the initial requirement may not be satisfied."  *Id.* (emphasis added).  For example, dismissal is inappropriate if "the alternative forum does not permit litigation of the subject."  *Id.*

The district court was premature in determining that the Canadian court is an adequate alternative forum.  The *forum non conveniens* decision focused on the applicability of Canadian law and the inconvenience of New Mexico as a forum.  All parties agree that Canadian law applies.  And we agree with the district court that the public and private interests make New Mexico an inconvenient forum.  No party is a New Mexico resident, and trying the case thousands of miles away from the Canadian mine where the events occurred would complicate management of witnesses and evidence.

Even so, an adequate alternative forum must be available.  *See Gschwind*, 161 F.3d at 605.  Sometimes an inconvenient forum is the *only* available forum.

Defendants must show that an adequate alternative forum exists.  *Id.* at 606 ("The defendant must prove that the alternative forum is both available and adequate." (citations omitted)).  Defendants have not yet met this burden.  They argue that the court in Canada is an adequate alternative forum.  But they also claim they cannot be sued

-11-

there based on the statute of limitations. Defendants' position in the Canadian proceedings creates the undeniable possibility that the Canadian forum will be unavailable to the Plaintiffs.

Defendants are trying to have it both ways—arguing that Canada is an adequate alternative forum while simultaneously raising a statute of limitations defense to the proceedings there. If the Canadian court rules in Defendants' favor on whether the statute of limitations bars Plaintiffs' claims, Plaintiffs will have no adequate alternative forum.

Defendants' argue they have shown that Canada is an adequate alternative forum because *forum non conveniens* should only require a "presently available" alternative forum. The Canadian court is presently available, they contend, because it has not yet ruled on the statute of limitations defense. Their reliance for this argument on *Norex Petroleum Ltd. v. Access Industries, Inc.*, 416 F.3d 146, 159 (2d Cir. 2005), is misplaced. Indeed, *Norex* supports Plaintiffs' position here rather than Defendants'.

In *Norex*, the Second Circuit reversed a district court's *forum non conveniens* dismissal because the alternative forum's filing deadlines had already lapsed, leaving no adequate alternative forum. *See id.* at 159-60. Here, Plaintiffs face the real possibility that their claims will be similarly time-barred in the Canadian court. As the *Norex* court recognized, an alternative forum cannot be adequate "'if a statute of limitations bars the bringing of [a] case' in a foreign forum that would be timely in the United States." *Id.* at 159 (quoting *Bank of Credit & Commerce Int'l (Overseas) Ltd. v. Bank of Pakistan*, 273

-12-

F.3d 241, 246 (2d Cir. 2001)). Merely because plaintiffs in *Norex* brought their case after the statute of limitations had run and Plaintiffs here brought their case while the statute of limitations issue is pending should not produce different conclusions on the availability of an adequate alternative forum.

The district court's dismissal of Plaintiffs' claims was premature because the Canadian court has not yet ruled on Defendants' statute of limitations defense. Until this ruling occurs, the availability of the Canadian court as an adequate alternative forum is unclear and dismissal of the case in New Mexico risks depriving the Plaintiffs of any forum.

## III. CONCLUSION

We affirm the district court's dismissal of MTM for lack of personal jurisdiction. We reverse the district court's dismissal of Plaintiffs' case under the *forum non conveniens* doctrine. If the Canadian court decides that the Defendants' statute of limitations defense bars Plaintiffs' case, Plaintiffs would be left without an adequate alternative forum. We remand this case to the district court for further proceedings consistent with this decision.